**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CASE NO.26-CI-_____**

**JASON DAVIS**                                                                    **PLAINTIFF**

**VS.**                                                **COMPLAINT**

**MICHAEL BELL, Individually**
**And in his official capacity as a**
**Police Officer for the city of Grayson,**
**Kentucky,**                                                                      **DEFENDANT.**
      **Serve: 302 E Main St,**
      **Grayson, KY 41143**

Comes now the Plaintiff, Jason Davis, by Counsel, and for his complaint herein, against the Defendant, Michael Bell, individually, and in his official capacity as a police officer for the city of Grayson, Ky., states as follows:

## INTRODUCTION

This is an action for relief and for redress for the violation of rights guaranteed to the Plaintiff by state and federal laws, including: (a) damages for deprivations by Defendant acting under color of State law of Plaintiff's rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983 and 1988; (b) damages for deprivations by Defendant of Plaintiff's rights, privileges and immunities guaranteed by the Kentucky State Constitution; and (c) damages based upon common law claims in tort.

## JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343 (a)(3), and all other applicable law. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367 (a)over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391 because the material acts and injuries alleged herein occurred within the Eastern District of Kentucky. Such acts include practices and conduct violative of the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. In addition, venue is proper in this district pursuant to 28 U.S.C. §1391 because, upon information and belief, defendants' residence and/or principal place of business is in this Judicial District.

1. The Plaintiff, Jason Davis, is and at all times complained of herein, was a resident of the Commonwealth of Kentucky, residing in Carter County, Kentucky.

2. On or about April the 16th, 2025, the Plaintiff while lawfully operating his vehicle was subjected to a traffic stop by Defendant, Michael Bell in the city of Grayson, Carter County, Kentucky when the Defendant, Michael Bell , individually and in his capacity as a police officer with the city of Grayson, Kentucky, stopped the Plaintiff's automobile for no reason and then proceeded to fill out and complete a citation charging the Plaintiff, Jason Davis with a number of false charges and false allegations, including alleging that the Plaintiff pulled out of a business parking lot in an abrupt and reckless manner, causing the Defendant and other pedestrians on the highways to have to stop their vehicles to avoid wrecking with the Plaintiffs car, thereby committing reckless driving. All of such allegations were false and did not occur, all as conclusively established by video footage of an area business.

3. As a result of the foregoing acts, the Plaintiff claims damages for abuse of process, and civil rights violation for the unlawful acts, by the Defendant, Michael Bell, Individually and in his official capacity as a police officer for the city of Grayson, Kentucky. Specifically, at the time that the Defendant stopped the Plaintiff's

automobile, the Plaintiff had not pulled his automobile onto Carol Malone Boulevard in an abrupt and reckless manner, where it was unsafe to enter said lane, and in such a manner as to cause traffic in the South bound lane to have to slow to avoid a collision, as wrongfully alleged in said citation. Further, all though the Defendant acknowledged that the Plaintiff provided proof of insurance, after the officer had started the citation, the Defendant nonetheless charged the Plaintiff with failing to produce an insurance card.

4. The Defendant then appeared before the Court on the 8th day of April, 2026 in Carter District Court and testified that all of the false allegations were true, and even added an allegation that he, the Defendant, had to apply the brakes of his police cruiser to avoid hitting the Plaintiff's automobile, when said automobile entered onto Carol Malone Boulvard.

5. Specifically, the evidence shows that the Plaintiff pulled his automobile into traffic using all due care and that there was in fact absolutely no oncoming traffic which had to stop or slow down to avoid colliding with the Plaintiffs automobile. The evidence shows it was several seconds after the Plaintiff had entered into traffic before any oncoming traffic appeared in the area where the Plaintiff pulled out, directly contrary to the allegations of the Defendant on the citation and at the aforesaid hearing. Further, the evidence shows that the officer's vehicle itself was stopped at the opposite side of the red light approximately fifty (50) feet away when the Plaintiff's automobile pulled into traffic and was nowhere near the Defendant's automobile, and certainly did not cause the Defendant to have to brake or slow down to avoid striking the Plaintiff's automobile, again which is directly contrary to the statements made by the Defendant.

6. At all times complained of herein, the police officer, Defendant Michael Bell, individually and in his capacity as a police officer for the city of Grayson, KY, was acting under color of law, and in so doing, said officer was bound by the United States Constitution, and the Kentucky Constitution, as well as the laws and regulations promulgated by Congress and the Kentucky state legislature.

7. By making false allegations of fact and writing allegations and stating untrue charges against the Plaintiff, on said citation, which was filed in the public Court record, as aforesaid, without any justifiable reason, or other legitimate reason to believe that the said allegations of fact and stated charges were true and justified, the Defendant police officer, Micheal Bell, individually and in his capacity as a police officer for the city of Grayson, KY, violated the Plaintiff's rights under the United States Constitution, and the Kentucky Constitution, specifically including, but not limited to the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution, and Section 10 of the Kentucky Constitution, including, but not limited to, violating the Plaintiff's rights to have unrestrained right to petition the Courts for grievances, to be free of unreasonable searches and seizures, due process of law, protection against cruel and unusual punishments, protection against invasion of privacy, and the Plaintiff's entitlement to due process and equal protection of the law. Said Defendant, individually and in his capacity as a police officer for the city of Grayson, Kentucky, acted intentionally toward the Plaintiff, while violating the Plaintiff's constitutional rights, and did so knowingly, with the intent to do so, and acted under color of law, while doing so. All of said police officer's tortuous acts toward the Plaintiff, were a violation of 42 U.S.C. Section 1983, for which the Plaintiff claims damages, both

compensatory and punitive in an amount which exceeds the minimum sum necessary to confer jurisdiction upon this Court.

8. The acts of the Defendant in writing a citation filled with false allegations and then filing said citation in the Carter County Court System in case 25-T-00691, in the public files, and in the public record and then testifying under oath that said allegations were true, knowing that all of said allegations were not true, all constituted abuse of process by the Defendant, Michael Bell for which the Plaintiff claims, damages both compensatory and punitive, each in an amount which exceeds that minimum amount necessary to confer jurisdiction upon this Court.

9. As a result of the publication of the aforesaid false and untrue statements, the Plaintiff has suffered from being placed in a false light when he was made to appear before the public in an unreasonable, objectionable false light, and otherwise than as they were, the publicity attributed to the Plaintiff by the false and untrue statements of the Defendant attributed to the Plaintiff's characteristics, conduct and or beliefs, which were false and which caused the Plaintiff to be placed before the public in a false light or position, all which injured the Plaintiff in his profession as an Assistant High School Principal and Coach..

10. Specifically, the false statements of the Defendant, and each of them, caused the Plaintiff to be subjected to spite, ridicule, distrust, public hatred, contempt, scorn, obloquy, shame and suspicion by many of his neighbors, his students, and his students' parents who believed the false and untrue charges and believed the statements circulated all as alleged in the citation by the Defendant to be true, basically putting

the Plaintiff in a position of being ostracized from the community and the school where he had worked for many years.

11. The statements made by the Defendant, both written and verbal, were false and defamatory, were unprivileged, were made maliciously and recklessly with full knowledge that said statements were false, and with reckless disregard as to the truthfulness of said statements, and were intended to bring the Plaintiff into public hatred, contempt, scorn, obloquy, shame, and ridicule and caused the Plaintiff to be shunned or avoided and injured him in his respective business or occupation thereby constituting libel per se and slander per se.

12. The Plaintiff claims damages from the Defendant, for compensatory damages and punitive damages, each in an amount which exceeds the minimum amount necessary to confer jurisdiction upon this Court.

Wherefore, the Plaintiff, prays judgment against the Defendant, Michael Bell individually and in his capacity as a police officer for the city of Grayson, Kentucky, for monetary damages, both compensatory and punitive, each in an amount which exceeds that minimum amount necessary to confer jurisdiction upon this Court, for his intentional acts in violation of the Plaintiff's protected rights under the United States constitution, the Kentucky constitution and other applicable law, for abuse of process, for invasion of privacy and placing the Plaintiff in a false light, for libel and for slander, for pain and suffering both, physical and mental incurred to date as well as pain and suffering, both physical and mental reasonably likely to be incurred in the future and the Plaintiff seeks reimbursement for costs herein expended, including reasonable

attorney's fees, and for other relief to which the Plaintiff may be entitled, and the Plaintiff specifically requests trial by jury.

The Plaintiff further prays he be permitted to amend his Complaint to include any additional cause of action, which may be applicable, upon the conclusion of the Trial on the charges against him in the Carter District Court.

## DEMAND FOR JURY TRIAL

Trial by jury is demanded. Notice is hereby given pursuant to FRCP 38 and all other applicable law that the Plaintiff includes in this pleading a demand for jury trial on all issues so triable.

Respectfully Submitted,

Robert W. Miller
Attorney for the Plaintiff,
Jason Davis
P.O. Box 357
Grayson, Kentucky 41143
(606)474-7827
(606) 474-4184 (fax)
thelaw@robertwmillerky.com