**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CASE NO. 0:26-CV-00065-DLB-EBA**

**JASON DAVIS** **PLAINTIFF**

**v.**

**MICHAEL BELL** **DEFENDANT**

---

**MOTION TO DISMISS**

---

The Defendant, Michael Bell, in his individual and official capacity as a Grayson Police Officer, by and through counsel, pursuant to Civil Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves the Court to dismiss the Complaint (Doc. 1) for failure to state a claim upon which relief may be granted. A Memorandum in Support and proposed Order are attached.

Respectfully submitted,

***/s/ Jeffrey C. Mando***

Jeffrey C. Mando, Esq. (#43548)
Anna M. Pancioli, Esq. (#101834)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
apancioli@adamsattorneys.com

*Attorneys for Defendant Michael Bell, in his individual and official capacity as a Grayson Police Officer*

**CERTIFICATE OF SERVICE**

This is to certify that on the **10th** day of August, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Robert W. Miller, Esq.

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CASE NO. 0:26-CV-00065-DLB-EBA**

**JASON DAVIS** **PLAINTIFF**

**v.**

**MICHAEL BELL** **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

Defendant Officer Michael Bell, in his individual and official capacity as a Grayson Police Officer, by and through counsel, for his Memorandum in Support of his Motion to Dismiss, states as follows:

## I. THE COMPLAINT – STATEMENT OF FACTS

On or about April 16, 2025, Plaintiff Jason Davis ("Davis") was operating his vehicle when he was stopped by Defendant Officer Michael Bell ("Officer Bell"). (Doc. 1, PageID 2) Officer Bell issued Davis a citation indicating that Davis had engaged in reckless driving by pulling out of a business parking lot in an "abrupt and reckless manner." (*Id.*) Davis alleges that Officer Bell stopped him for no reason and the resulting citation and charges were based on false allegations. (*Id.*)

On April 8, 2026, Officer Bell appeared as a witness in Carter District Court (Case No. 25-T-00691). (*Id.* at PageID 3) Davis alleges that Officer Bell provided false testimony before the Court by stating that the April 16, 2025 citation was accurate and that he had to apply the brakes on the police cruiser to avoid hitting Davis's vehicle after Davis recklessly pulled into traffic. (*Id.*)

In his Complaint, Davis asserts violations of his rights under the United States Constitution including violations of the First Amendment (Count I), the Fourth Amendment (Count II), the Fifth Amendment (Count III), the Eighth Amendment (Count IV), the Ninth Amendment (Count V), and the Fourteenth Amendment (Count VI). Davis also asserts a violation of Section 10 of the Kentucky Constitution (Count VII). Finally, Davis asserts state law claims for abuse of process (Count VIII), invasion of privacy (IX), and false light, libel, and slander (Count X).

Davis's claims against Officer Bell must be dismissed pursuant to Civil Rule 12(b)(6). First, since Officer Bell is entitled to absolute immunity for the statements made during his testimony on April 8, 2026, any claims based on that testimony must be dismissed. Second, Davis's claims are time-barred by the governing statute of limitations. Finally, as to each individual claim, Davis fails to state a claim upon which relief may be granted. For these reasons, the Complaint should be dismissed.

## II. STANDARD OF REVIEW

In determining whether a complaint states a claim, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Borke v. Warren*, 2023 U.S. App. LEXIS 19987 (6th Cir. 2023), citing *Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015).

To avoid dismissal under Rule 12(b)(6), a complaint must contain sufficient factual material that, if accepted as true, would state a claim to relief that is plausible on its face. *Akers v. Gregory Funding, LLC*, 2023 U.S. App. LEXIS 20754 (6th Cir. 2023), citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct. (*Id.*) Under this standard, the court may not accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action. (*Id.*) (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046 (6th Cir. 2011)).

## III. OFFICER BELL IS ENTITLED TO ABSOLUTE IMMUNITY FOR HIS APRIL 8, 2026 TESTIMONY

It is well-settled that witnesses – including police officers – are absolutely immune from liability based upon their testimony in judicial proceedings. *Alioto v. Shively,* 835 F.2d 1173, 1174 (6th Cir. 1987) (citing *Briscoe v. Lahue,* 460 U.S. 325 (1983)). Under common law, all persons who are integral parts of the judicial process are provided absolute immunity from subsequent damages. *Briscoe,* 460 U.S. 325. This protection extends to police officers. When a police officer appears as a witness he may be viewed as acting like any other witness – in which event he can make a claim for witness immunity. (*Id.*) Alternatively, he may be regarded as an official performing a critical role in the judicial process, in which event he would seek the benefit afforded to other governmental participants. (*Id.*) Therefore, statements made by police officers in judicial proceedings are absolutely immune from subsequent damages.

Davis's claims stem directly from two separate incidents: the traffic stop on April 16, 2025 and Officer Bell's in-court statements on April 8, 2026. (Doc. 1, PageID 5) Indeed, Davis admits Officer Bell "appeared before the Court on the 8th day of April 2026" and "testified that all of the false allegations were true." (*Id.* at PageID 3) However, Officer Bell's statements were made as part of his testimony in district court, and therefore his statements are entitled to absolute immunity. For this reason, any and all claims raised by Davis pertaining to or otherwise stemming from Officer Bell's April 8, 2026 testimony must be dismissed as a matter of law.

## IV. PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE STATUTE OF LIMITATIONS

All claims arising from or otherwise stemming from the April 16, 2025, traffic stop are time-barred and must be dismissed. The Sixth Circuit has explicitly held that § 1983 "actions in Kentucky are limited by the one-year statute of limitations found in [K.R.S.] 413.140(1)(a)." *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *Browder v. Parker*, No. 5:11-CV-00029, 2012 U.S. Dist. LEXIS 156882, at *8 (W.D. Ky. Oct. 30, 2012). The statute of limitations for a § 1983 claim begins to accrue when the plaintiff knows or has reason to know of the injury or should have otherwise discovered it through the exercise of reasonable diligence. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (external citations omitted). Importantly, it is the discovery of the *injury* that starts the clock – not the discovery of the elements of a legal claim. *Anderson v. Bd. of Educ.,* 616 F. Supp. 2d 662, 668 (E.D. Ky. 2009) (citing *Rotella v. Wood,* 528 U.S. 549 (2000)). Therefore, a plaintiff's action accrues when "he discovers that he has been injured, not when he determines that the injury was unlawful." *Anderson,* 616 F. Supp. 2d at 668 (citing *Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001)).

State law claims for libel, slander, invasion of privacy, and portrayal in false light are governed by the one-year limitations period of KRS 413.140. *Branham v. Micro Computer Analysts, Inc.,* No. 5:07-305, 2008 U.S. Dist. LEXIS 34028 (E.D. Ky. Apr. 24, 2008). Similarly, the statute of limitations for an abuse of process claim is one year and the claim accrues "at the time the conduct complained of by the plaintiff occurred, not at the termination of the underlying litigation." *Demoisey v. Ostermiller,* 659 S.W.3d 757, 764 (Ky. App. 2018).

The traffic stop occurred on April 16, 2025. (Doc. 1, PageID 2) The statute of limitations for claims arising from the traffic stop began on April 16, 2025, and expired on

April 16, 2026. Davis filed his Complaint on April 17, 2026 – a day *after* the statute of limitations expired. For this reason, all claims arising from or otherwise stemming from the April 16, 2025, traffic stop are time-barred and must be dismissed.

## V. PLAINTIFF FAILS TO PROPERLY ASSERT 42 U.S.C. § 1983 CLAIMS UPON WHICH RELIEF MAY BE GRANTED (COUNTS I, II, III, IV, V, and VI)

§ 1983 is not itself a source of any substantive rights but instead provides the means by which rights conferred elsewhere may be enforced. *Meals v. City of Memphis,* 493 F.3d 720, 727 (6th Cir. 2007). To state a claim under 42 U.S.C. § 1983, a plaintiff must present facts sufficient to show that the defendants, acting under color of state law, deprived him of a specific right or interest secured by the Constitution or laws of the United States. (*Id.*) To assert a cognizable § 1983 claim, a plaintiff must allege specific facts that "provide adequate detail to support the claim, such as specific incidents of deprivation of [a] plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places," and "must also explain how each defendant is responsible for the alleged injuries." *Humphress v. Ky.,* No. 1:07-CV-126-M, 2007 U.S. Dist. LEXIS 93865, at *2 (W.D. Ky. Dec. 21, 2007).

Davis fails to satisfy the standard set forth under Sixth Circuit precedent for establishing § 1983 claims. Rather than identifying the exact actions Officer Bell engaged in and how those actions allegedly violated each stated Amendment, Davis broadly alleges that Officer Bell violated his rights under "the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution." (Doc. 1, PageID 4) Davis provides no further information or details to substantiate his claims and Davis fails to otherwise identify the specific rights within those amendments that were allegedly violated.

For these reasons, Davis's § 1983 claims (I, II, III, IV, V, and VI) should be dismissed for failure to state a claim upon which relief may be granted.

## VI. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE KENTUCKY CONSTITUTION (COUNT VII)

Constitutional provisions themselves do not provide a private right of action. As such, merely alleging a violation of a justiciable constitutional right is insufficient to state a cause of action. *Enrique-Perdomo v. Newman,* 740 F. Supp. 3d 560, 569 (W.D. Ky. 2024). Kentucky law does not recognize a cause of action for damages for alleged violations of Kentucky constitutional rights. *Faul v. Bd. of Educ. of Danville Indep. Schs.,* No. 5:12-CV-277-KSF, 2013 U.S. Dist. LEXIS 51383 (E.D. Ky. Apr. 9, 2013) (citing *St Luke Hopsital, Inc. v. Straub,* 354 S.W.3d 529 (Ky. 2011)). In fact, the Kentucky Supreme Court has ruled that Kentucky's General Assembly has not authorized a statutory private right of action for state constitutional violations. (*Id.*) Instead, plaintiffs who believe their Kentucky constitutional rights have been violated generally attempt to remedy the alleged injuries by filing traditional tort actions. *Daughtery v. Louisville-Jefferson County Metro Gov't,* 495 F. Supp. 3d 513, 527 (W.D. Ky 2020) (citing *K.K. v. Clark County Bd. of Educ.,* 439 F. Supp. 3d 905, 916 (E.D. Ky. 2020)).

Davis did not use the mechanisms required to properly state a cause of action under the Kentucky Constitution. Instead, Davis broadly alleges that his rights under "Section 10 of the Kentucky Constitution," were violated. (Doc. 1, PageID 4) Not only does Davis fail to identify what those specific rights were or how Officer Bell's actions allegedly violated those rights, but Davis further fails to utilize any mechanism for these alleged violations. Davis's failure to invoke a statute through which his claims can be adjudicated is a fundamental pleading deficiency.

For these reasons, Plaintiff's claim under the Kentucky Constitution (Count VII) fails as a matter of law and should be dismissed.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS (COUNT VIII)

An action for abuse of process is "'the irregular or wrongful employment of a judicial proceeding.'" *Simpson v. Laytart,* 962 S.W.2d 392, 394 (Ky. 1998) (citing *Stoll Oil Refining Company v. Pierce, Ky.,* 337 S.W.2d 263 (1960)). The essential elements of an action for abuse of process are (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. (*Id.*) (citing *Bonnie Braes Farms Inc. v. Robinson,* 598 S.W.2d 765 (Ky. App. 1980)). Some definite act or threat not authorized by the process or aimed at an illegitimate objective is required and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion even though with bad intentions. (*Id.*) Indeed, for a defendant to be found liable for abuse of process, his conduct "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself." (*Id.*)

Davis alleges that Officer Bell committed an abuse of process by "writing a citation filled with false allegations and then filing said citation in the Carter County Court System in case 25-T-00691, in the public files, and in the public record and then testifying under oath that said allegations were true, knowing that all of said allegations were not true." (Doc. 1, PageID 5) However, these allegations alone are insufficient to state an action for abuse of process. Davis does not allege that Officer Bell had an ulterior purpose or motive for his alleged actions. Additionally, Davis does not identify any actions taken by Officer Bell were taken outside of the judicial process. Instead, the only alleged actions occurred during district court. As to the statements made in district court, Davis does not allege that the

testimony was improper but instead broadly alleges – without evidence – that the statements were false.

For these reasons, Davis's abuse of process claim (Count VIII) fails as a matter of law and should be dismissed.

## VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR INVASION OF PRIVACY (COUNT IX)

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 678. The Rule 8 pleading standard does not require "detailed factual allegations," however it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. (*Id.*) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." (*Id.*) Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." (*Id.*)

Davis fails to assert any facts to establish a claim for invasion of privacy against Officer Bell. Indeed, Davis only mentions the alleged invasion of privacy twice in his Complaint – neither of which were supported by any substantive basis or factual grounds. Rather than provide any factual basis for his claim, Davis instead concludes that his right to have "protection against invasion of privacy" was violated. (Doc. 1, PageID 4) Without any facts to support a claim for invasion of privacy, Davis failed to state a claim for invasion of privacy.

For these reasons, Davis's invasion of privacy claim (Count IX) should be dismissed.

## IX. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint against Defendant Officer Michael Bell, in his individual and official capacity as a Grayson Police Officer, should be dismissed with prejudice.

Respectfully submitted,

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq. (#43548)
Anna M. Pancioli, Esq. (#101834)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
apancioli@adamsattorneys.com

*Attorneys for Defendant Officer Michael Bell, in his individual and official capacity as a Grayson Police Officer*

**CERTIFICATE OF SERVICE**

This is to certify that on the **10th** day of August, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Robert W. Miller, Esq.

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq.