**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CASE NO. :26-CV-00065-DLB-EBA**

**JASON DAVIS** **PLAINTIFF**

**VS.** **MEMORANDUM IN SUPPORT OF RESPONSE TO MOTION TO DISMISS**

**MICHAEL BELL,** **DEFENDANT**

Comes now Jason Davis by counsel and for his memorandum in support of his response and objection to the Motion to Dismiss states as follows:

## I.

## FACTS

The complaint sets forth at length sufficient facts to carry out the various cause of actions alleged in the complaint. Specifically, paragraphs 1 through 9, and (now that the underlying criminal charges have been dismissed after this complaint was filed), the Plaintiff will be soon tendering an Amended Complaint setting forth an additional cause of action and joining a new party setting forth additional facts as well.

Said acts alleged in the complaint may be summarized as follows:

On or about April the 16th, 2025, the Plaintiff while lawfully operating his vehicle was subjected to a traffic stop by Defendant, Michael Bell in the city of Grayson, Carter County, Kentucky when the Defendant, Michael Bell , individually and in his capacity as a police officer with the city of Grayson, Kentucky, stopped the Plaintiff's automobile for no reason and then proceeded to fill out and complete a citation charging the Plaintiff, Jason Davis with a number of false charges and false allegations, including alleging that the Plaintiff pulled out of a business parking lot in an abrupt and reckless manner, causing the Defendant and other pedestrians on the highways to have to stop their vehicles to avoid wrecking with the Plaintiffs car, thereby

committing reckless driving. All of such allegations were false and did not occur, all as conclusively established by video footage of an area business.

## II.

## STANDARD OF REVIEW

The standard for review on a Motion to Dismiss is that the Court must construe the complaint in the light most favorable to the Plaintiff, and accept the factual allegations as true and draw all reasonable inferences in the Plaintiff's favor.

III.

## ABSOLUTE IMMUNITY

The Defendant, Michael Bell is not entitled to dismissal on the basis of absolute immunity because he knowingly gave false testimony in a judicial hearing. The immunity for such testimony does not extend to the acts and the procedures the witness used which gave rise to the testimony given in court, as Kentucky Law has long held, *Stone v. Glass, 35 S.W.3d 827 (Ky. App. 2001). Lawson v. Hensley, 712 S.W.2d 369 (Ky. App. 1986).*

Kentucky law is clear that although a witness, may have immunity for his testimony, that **immunity does not extend** to his acts leading up to and creating his testimony. The witness who testified still remains liable for his acts leading up to his testimony. (Unless the witness be determined to be performing a function integral to the judicial process, such as a Court appointed psychologist using his judgment to make a custody evaluation, *Stone v. Glass, supra*, in which the Court stated that the psychologist "was essentially acting as a neutral fact finder for the Court"). Also see *Curd v. Kentucky State Board of Licensure for Professional Engineers and Land Surveyors, 433 S.W.3d 291 (Ky, 2014).*

The Defendant Bell is not entitled to dismissal simply because he testified as to his actions before Court.

Bell was not a fact finder. He was simply a witness, who was supposed to testify as to his observation of Davis. The most relief that the Defendant would be entitled to on this point is an instruction limiting his liability to the acts occurring before his false testimony.

## IV.

## STATUTE OF LIMITATIONS

The Defendant's argument based upon the statute of limitations must also fail.

The Defendant asserts that the Plaintiff's complaint was not filed until April 17, 2026, which is not correct. The **complaint was actually filed on April 16, 2026**, which would have been within the one-year period referenced in the defendant's motion. The complaint was docketed on April 17th, **but it was filed on April 16th, 2026**. See the receipt from the clerk's office acknowledging that the **Plaintiff's complaint was in fact filed April 16th, 2026**, marked "Exhibit "1".

Further, even if the Defendant was correct and the complaint had been filed on April 17, 2026, that limitations would apply to and would only be a bar to a very small amount of the Plaintiff's claims, i.e., the acts which arose on April 16, 2025. It would not be a bar to the subsequent activity of pursuing the Plaintiff through the criminal process knowing that the Plaintiff was not guilty of the acts charged (i.e. malicious prosecution, abuse of process, invasion of privacy, defamation, libel, slander, etc.).

The acts of abuse of process, malicious prosecution, invasion of privacy, and defamation arising after April 16, 2026 would still be actionable, all requiring the Defendant's motion to be overruled.

## V.

## VIOLATION OF CONSTITUTIONAL RIGHTS AND PRIVILEGES

The Plaintiff's complaint clearly alleges a cause of action for violation of the Plaintiff's rights and protections pursuant to the United States Constitution.

The Plaintiffs' complaint clearly states the Defendant violated the Plaintiff's constitutional rights under the Fourth Amendment when the Defendant while acting as a police officer "under color of law" stopped the Plaintiffs automobile for "no reason" and for various allegations, and that "all of such allegations were false, and were known by the Defendant Bell to be false and untrue."

The complaint alleges sufficient facts to go forward regarding the Fourth, Fifth, Eighth and Fourteenth Amendments set forth in the Plaintiff's complaint, because all of said amendments are violated by the alleged acts of the Defendant and Plaintiff is entitled to recover damages for those violations pursuant to 42 USC § 1983.

The Amendments are violated by the acts of the Defendant which violate the various amendments, and for those violations the Plaintiff is entitled to recover damages pursuant to § 1983.

The acts of the Defendant, Michael Bell, are specifically set forth in paragraphs 1-9 of the complaint. Those allegations show:

1.) The Defendant violated the Plaintiffs rights under the 4th Amendment when he stopped the Plaintiff's vehicle for no reason, i.e, no reasonable articulable suspicion that the Plaintiff had committed criminal activity or a violation of law, and is liable for damages therefor. This amounted to an unlawful seizure of the Plaintiff.

2.) The Defendant violated the Plaintiff's rights under the 5th Amendment by seizing the Plaintiff and depriving the Plaintiff of liberty when the Plaintiff was wrongfully stopped by the Defendant, and then required to appear before the Court on numerous occasions, including the hearing where the Defendant Bell testified falsely, so that the Plaintiff Davis might resist and defend the charges.

3.) The Defendant violated the Plaintiff's rights under the 8th Amendment by seeking to impose excessive fines upon the Plaintiff, where there should have been no fine at all, because again the video evidence shows that the Plaintiff committed none of the acts alleged had actually occurred, and therefore any fine for no criminal activity would have been excessive, and any fine would have been disproportionate to the Plaintiff's actual conduct.

4.) The Defendant violated the Plaintiff's rights under the 14th Amendment when the Defendant sought to prosecute the Plaintiff and deprive the Plaintiff of liberty and/or property without due process and equal protection of the laws when the Defendant stopped the Plaintiff's vehicle without any reasonable articulation of criminal activity or violation of law, and then levied false charges against the Plaintiff, which charges the Defendant knew were false and untrue, and nonetheless insisted that the Plaintiff be prosecuted for offenses which he had not committed.

All of these constitutional violations were such as would render the Defendant liable for damages pursuant to § 1983, and the Plaintiff has claimed injury and damages for severe emotional distress and pain and suffering for said violations of his constitutional rights.

**VI.**

**KENTUCKY CONSTITUTIONAL RIGHTS**

The Plaintiff agrees that the Kentucky law does not provide for separate compensation for violation of the Kentucky Constitution.

The Plaintiff disagrees with so much of the motion, that alleges that the Plaintiffs failed to plead other state causes of action which are compensable based upon the same facts. Specifically, the Plaintiff's complaint adequately asserts causes of action for abuse of process, malicious

prosecution and invasion of privacy, defamation and liable and slander which are all compensable under Kentucky law.

**VII.**

**ABUSE OF PROCESS**

The complaint states a sufficient claim for abuse of process. The complaint alleges that the Defendant after wrongly stopping the Defendant's automobile without any reasonable, articulable suspicion of criminal activity, then proceeded to make up false charges against the Defendant, and then completed charging instruments ( a citation) alleging false charges, and then stated a recitation of false facts, all while knowing that said false charges and recitation of false facts never occurred, and then recorded said recitation of false facts and false charges on the citation in the Carter County Judicial center in the Office of the Circuit Court.

The Courts have long held such allegations as set forth in the Plaintiff's complaint sufficient to state a cause of action for abuse of process. *Conley v. Frye, E.D. Ky 2018 WL 77152 (2018*). (an unreported case which the Plaintiff cites because of its close and direct application to the issue of this case.)

In *Conley v. Frye, Id.* This very Court (Hon. Henry R. Wilhoit presiding), observed as follows:

> Count II of the Amended Complaint purports to state a claim for abuse of process. Abuse-of-process claims are subject to the one-year limitations period. *Dickerson v. City of Hickman*, 2010 WL 816684 at *5, *citing Bates v. Stapleton*, 2008 WL 1735170, at *3 (E.D. Ky. Apr. 11, 2008). "Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process issued has terminated unsuccessfully. *Id.* (internal citation omitted). "For this reason, a cause of action for abuse of process has been generally held to accrue … from the termination of the acts which constitute the abuse complained

> of, and not from the completion of the action in which the process issued." *Id.*
> *3 The "**acts which constitute the abuse complained of" by the Plaintiff are the acts of completing the police report and arrest warrant, both of which occurred on April 24, 2016. These acts were completed**…

Further, the Plaintiff will be tendering an Amended Complaint further enumerating the cause of action for "abuse of process, and rendering any issues with the asserted cause for "abuse of process" as moot."

## VIII.
## INVASION OF PRIVACY

The Defendant's motion unfairly and inadequately evaluates the Plaintiff's complaint regarding the allegations of invasion of privacy. Specifically, the Motion to Dismiss fails to consider or even mention the numerous allegations of "false light."

The law is clear that "false light" is recognized as achieving or completing "invasion of privacy." *McCall v. Courier-Journal and Louisville Times Co. 623 S.W. 2d 882 (Ky., 1981*). The allegations of "false light" were set forth at length, in paragraph nine and ten of the Plaintiff's complaint. Those allegations are sufficient to properly state a cause of action, for invasion of privacy. By pleading and alleging "false light", the Plaintiff has adequately plead invasion of privacy, because "false light" alone constitutes an invasion of privacy.

In *McCall v. Courier-Journal and Louisville Times Co. Id.*, the Kentucky Supreme Court stated as follows:

> "…We believe that the principles enumerated in Foster Milburn Co. v Chinn, supra at note 7, and Brents v. Morgan, supra, which set forth the basis and nature of the tort of invasion of privacy, would best be furthered by our adoption of the principles of that tort as enunciated in the Restatement (Seconds) of Torts (1976). The pertinent section reads:

"Sec. 652A. General Principle

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.

(2) The right of privacy is invaded by

(a) unreasonable intrusion upon the seclusion of another…;or

(b) appropriation of the other's name or likeness…; or

(c) unreasonable publicity given to the other's private life..;or

(d) **publicity that unreasonably places the other in a false light before the public…**"

In other words, "false light" in and of itself constitutes or amounts to an invasion of privacy. The Defendants motion ignores the paragraphs of the Complaint which set forth the allegations of "false light", i.e. "invasion of privacy."

Thus, the Plaintiff has adequately plead false light and invasion of privacy and the Motion to Dismiss must be overruled as to said allegations.

## IV.
## CONCLUSION

Wherefore, the Motion to Dismiss must be overruled in its entirely because applying the appropriate standard of review, the motion fails in its entirety.

a. Bell is not entitled to immunity for his actions leading up to his false testimony.

b. The action was timely filed; and even if it had been filed April 17th, instead of April 16th, when it was actually filed, the bulk of the Plaintiffs claims would still remain.

c. The facts asserted by the Plaintiff sets forth sufficient allegations from which the jury could reasonably find violations of the Plaintiffs rights under the Fourth, Fifth, Eighth and Fourteenth Amendments in the United States Constitution, all for which the Defendant would be liable for damages pursuant to 42 USC section 1983.

d. The complaint sets forth a proper cause of abuse of process, and

e. The allegations of false light set forth in the Plaintiff's complaint are sufficient to plead a cause of action for the invasion of privacy.

Wherefore the Motion for Dismiss must be overruled.

Respectfully Submitted,

/s/ Robert W. Miller
Robert W. Miller
*Attorney for the Plaintiff,*
*Jason Davis*
P.O. Box 357
Grayson, Kentucky 41143
(606)474-7827
(606) 474-4184 (fax)
thelaw@robertwmillerky.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing document with the Clerk of the Court using the KCOJ e-filing system, which will send a notice of electronic filing to the following and/or by mailing a true and correct copy to:

Jeffrey C. Mando
ADAMS LAW, PLLC
40 West Pike Street Covington, KY 41011

This the 31st day of August, 2026.

/s/ Robert W. Miller
Hon. Robert W. Miller
*Attorney for the Plaintiff,*
*Jason Davis*