**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND DIVISION**
**CASE NO. 0:26-CV-00065-DLB-EBA**

**JASON DAVIS** **PLAINTIFF**

**VS.** **AMENDED COMPLAINT**

**MICHAEL BELL, Individually**
**And in his official capacity as a**
**Police Officer for the city of Grayson,**
**Kentucky,**
**Serve: 302 E Main Street,**
**Grayson, Kentucky 41143**

**THE CITY OF GRAYSON, KENTUCKY**
**Serve: Troy Combs, Mayor of City of Grayson**
**302 East Main Street**
**Grayson, Kentucky 41143** **DEFENDANTS**

Comes now the Plaintiff, Jason Davis, by Counsel, and for his amended complaint herein, against the Defendants, Michael Bell, individually, and in his official capacity as a police officer for the city of Grayson, Ky., and the City of Grayson, Kentucky, and states as follows:

## INTRODUCTION

This is an action for relief and for redress for the violation of rights guaranteed to the Plaintiff by state and federal laws, including: (a) damages for deprivations by Defendants acting under color of State law of Plaintiff's rights, privileges and immunities guaranteed by the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution pursuant to 42 USC 1983 and 1988; (b) damages for deprivations by Defendant of Plaintiff's rights, privileges and immunities guaranteed by the Kentucky State Constitution; and (c) damages based upon common law claims in tort.

**JURISDICTION AND VENUE**

The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331 and 1343 (a)(3), and all other applicable law. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. 1367 (a)over the state and local law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391 because the material acts and injuries alleged herein occurred within the Eastern District of Kentucky. Such acts include practices and conduct violative of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. In addition, venue is proper in this district pursuant to 28 U.S.C. §1391 because, upon information and belief, defendants' residence and/or principal place of business is in this Judicial District.

1. The Plaintiff, Jason Davis, is and at all times complained of herein, was a resident of the Commonwealth of Kentucky, residing in Carter County, Kentucky.
2. The Defendant, Michael Bell, is a citizen and a resident of Boyd County, Kentucky, at all times relevant hereto.
3. The City of Grayson, Kentucky is a municipality existing and located in Carter County, Kentucky.
4. On or about April the 16th, 2025, the Plaintiff while lawfully operating his vehicle was subjected to a traffic stop by Defendant, Michael Bell in the city of Grayson, Carter County, Kentucky when the Defendant, Michael Bell , individually and in his capacity as a police officer with the city of Grayson, Kentucky proceeded to activate his blue emergency lights and then pursue the Plaintiff's automobile at an advanced speed for a distance, at which time the Defendant Bell, stopped the Plaintiff's automobile for no

reason, and without any reasonable articulable suspicion of any criminal activity or violation of applicable law by the Plaintiff, and the Defendant Bell then proceeded to accost, the Plaintiff, by using his fully marked police cruiser, with the blue emergency lights activated in full public view of the morning work crowd and morning school crowd, on Grayson, Kentucky's most highly travelled street, Carol Malone Boulvard, and question the Plaintiff and to fill out and complete a citation charging the Plaintiff, Jason Davis with a number of false charges and false allegations, none of which occurred, or had any basis in fact, or law, including alleging that the Plaintiff pulled out of a business parking lot in an abrupt and reckless manner, causing the Defendant and other drivers on the highways to have to stop their vehicles to avoid wrecking with the Plaintiffs car, thereby committing reckless driving. All of such allegations were false and did not occur, all as conclusively established by video footage of an area business, which footage was made known to the Defendants, and viewed by the Defendants, shortly after the stop of the Plaintiff's vehicle as aforesaid.

After learning of the existence of the video footage which conclusively established that the Plaintiff had not committed the acts alleged by the Defendant Bell and that the charges were false as to the Plaintiff, the Defendants nonetheless declined to withdraw the charges against the Plaintiff, but instead they continued to prosecute the Plaintiff and continued to demand that local Court officials prosecute the Plaintiff with evidence which they knew to be false and untrue, all leading to multiple court appearances, including a suppression hearing on April 8th, 2026 at which the Plaintiff was specifically ordered to appear, under a direct threat from the state court that if the Plaintiff failed to appear, that a bench warrant would be issued for the arrest of the

Plaintiff (Davis) and the scheduling of a Jury Trial for June, 5th, 2026 which trial date was ultimately withdrawn, approximately three (3) days before the scheduled trial date.

5. As a result of the foregoing acts, the Plaintiff claims damages for abuse of process, malicious prosecution, invasion of privacy, defamation, libel and slander, and civil rights violation for the unlawful acts, and infringement upon the Plaintiff's constitutional rights and privileges by the Defendant, Michael Bell, Individually and in his official capacity as a police officer for the city of Grayson, Kentucky. Specifically, at the time that the Defendant stopped the Plaintiff's automobile, the Plaintiff had not pulled his automobile onto Carol Malone Boulevard in an abrupt and reckless manner, where it was unsafe to enter said lane, and not in such a manner as to cause traffic in the South bound lane to have to slow to avoid a collision, as wrongfully alleged in said citation. Further, all though the Defendant acknowledged that the Plaintiff provided proof of insurance, after the officer had started the citation, the Defendant nonetheless charged the Plaintiff with failing to produce an insurance card, knowing that the Plaintiff did in fact have insurance on his automobile.

The Plaintiff was stopped by the Defendant, Bell, as aforesaid, on April 16th, 2025, in the presence of one of his co-workers, who was also employed at the Boyd County High School, where the Plaintiff was employed as an Assistant Principal and Coach, and by the time that the Plaintiff arrived at work on April 16th, 2025, the Plaintiff's seizure by the Defendant Bell was common knowledge at the Boyd County High School and "rumors" were circulating through the school as to the cause and details of said stop and seizure by the Defendant Bell.

6. The Defendant then appeared before the Court on the 8th day of April, 2026 in Carter District Court and falsely testified that all of the false allegations were true, and even added an allegation that he, the Defendant, had to apply the brakes of his police cruiser to avoid hitting the Plaintiff's automobile, when said automobile entered onto Carol Malone Boulvard, all the while knowing that said allegations were all untrue.

7. Specifically, the video evidence shows that the Plaintiff pulled his automobile into traffic using all due care and that there was in fact absolutely no oncoming traffic which had to stop or slow down to avoid colliding with the Plaintiffs automobile. The video evidence shows it was several (approximately thirteen (13)) seconds after the Plaintiff had entered into traffic before any oncoming traffic appeared in the area where the Plaintiff pulled out, directly contrary to the allegations of the Defendant on the citation and at the aforesaid hearing. Further, the video evidence shows that the officer's vehicle itself was stopped at the opposite side of the red light approximately fifty (50) feet away when the Plaintiff's automobile pulled into traffic and was nowhere near the Defendant's automobile, and certainly did not cause the Defendant to have to brake or slow down to avoid striking the Plaintiff's automobile, again which is directly contrary to the false and untrue statements made by the Defendant, Bell.

8. The acts of the Defendant in writing a citation filled with false, untrue allegations and then filing said citation in the Carter County Court System in case 25-T-00691, in the public files, and in the public record and then testifying under oath that said allegations were true, knowing that all of said allegations were not true, all constituted abuse of process by the Defendant, Michael Bell for which the Plaintiff claims, damages both compensatory and punitive, each in an amount which exceeds that minimum amount

necessary to confer jurisdiction upon this Court. The untrue allegations made by the Defendant against the Plaintiff were made for an ulterior purpose believed to be the following:

The Defendant Bell was working on a "grant program" for the City of Grayson on April 16th, 2025, and said "grant program enabled the Defendant, Bell to work overtime and earn additional income, which he otherwise would not have earned, and said "grant" program also paid additional sums to the City of Grayson, which sums the City would not otherwise have had, if they did not fulfil the terms of the "grant" itself. In fact, to comply with the terms of said "grant program" and to be able to continue to work his schedule and the overtime he was getting the Defendant Bell was required to have a definite number of "contacts", i.e., "a quota", with citizens who were accused of breaking the law, which "quota" he was required to meet every shift that he worked.

The Defendant Bell pulled over the Plaintiff without any reasonable articulable suspicion of criminal activity because he was trying to fulfil his "quota" to satisfy his compliance with the "grant program" that he was working, and to assure that Bell maintained his status of continuing to work on the "grant program" and continue to earn the extra income for his work on the "grant program", and that the purpose of the Defendant, Bell stopping the Defendant's automobile, was not to prosecute someone who had broken the law, but rather was for an ulterior purpose of trying to assure that the Defendant Bell fulfilled his quota of stopping a minimum number of alleged lawbreakers, so that the Defendant Bell could continue to work on said "grant program" and "to assure that he earned the additional income he earned for working

on said grant and to also assure that the Defendant City of Grayson retained said grant and remained eligible to receive the "grant" funds that the Defendant City of Grayson was receiving for working said "grant."

9. Subsequent to the filing of the false charges and fabrication of the false testimony and false evidence against the Plaintiff as aforesaid, the Plaintiff was compelled to appear before the Carter District Court in Carter County, Kentucky for various court dates including the following:

May 28th, 2025

June 11th, 2025

July 16th, 2025

September 17th, 2025

October 1st 2025

October 22nd, 2025

March 18th, 2026

June 3rd, 2026 and

June 2nd, 2026 at which time, when the charges against the Plaintiff were finally dismissed, before the scheduled Jury Trial of the Plaintiff, on June 5th, 2026.

The Plaintiff was compelled to appear before the Court each of these Court dates, and further compelled to hire and produce legal counsel at each of these Court dates to assert his defenses, causing the Plaintiff to endure and suffer severe stress and emotional strain, pain and suffering caused by the worry and stress of having to take off work, prepare himself to appear before the Court and then appear for each such date, as well as the expense of lost income and legal fees.

As a result of the filing of theses false charges and the Defendant's fabrication of evidence herein as aforesaid, the Plaintiff developed and suffers from a fear of the police, which fear often causes the Plaintiff to become frightened and paranoid about the presence of police any time that he sees them and any time that he is in their presence or near the police, to the point of suffering severe panic attacks, all to the point on one occasion when the Plaintiff was delivering his infant son to a sporting event, a police car pulled in near the Plaintiff at which time the Plaintiff became frightened and suffered a panic attack so severe that he was unable to drive from the scene for fear that he would be arrested or otherwise harassed by the police at which time the Plaintiff called his wife at work, who then had to leave her work, and to come get the Plaintiff. Any time that the Plaintiff sees a police officer he immediately becomes frightened, paranoid, and visibly emotionally upset, often suffering a similar panic attack.

10. Subsequent to the filing of the complaint herein, all of the charges filed against the Plaintiff, Jason Davis, were dismissed on or about the 2nd day of June, 2026.

Therefore, the Plaintiff further claims damages from the Defendants for malicious prosecution, pursuant to applicable Kentucky State Law, for which the Defendant, City of Grayson is vicariously liable, in addition to the claims that the Plaintiffs asserts herein for violation of his rights under the United States Constitution, (for which constitutional violations the Plaintiff seeks damages pursuant to 42 USC§ 1983.) Specifically, the Plaintiff alleges as follows:

a.) There was no probable cause or basis to file the aforesaid charges against Jason Davis on or about April 6th, 2025, but rather said charges and the Defendant's false testimony were completely fabricated;

b.) The Defendants, and each of them knew that the charges against Jason Davis were false and that there existed no basis to pursue or to prosecute said charges in Court;

c.) The Defendants, and each of them acted with malice in that they pursued a criminal prosecution against this Plaintiff with untrue and fabricated evidence, seeking to achieve a purpose other than to bring an offender to justice.

d.) Said charges were all dismissed and decided in favor of this Plaintiff, Jason Davis on or about the 2nd day of June, 2026, and that the Plaintiff, Jason Davis was damaged by the prosecution of said charges, as aforesaid and as further set forth herein.

11. On or about April 16th, 2026, the Mayor of the City of Grayson, Troy Combs, and Tony Cantrell, the police chief for the City of Grayson became aware of the wrongful charges filed by the Defendant, Michael Bell, against this Plaintiff, Jason Davis, and further became aware of the video footage from the area business which conclusively showed that the acts alleged by Michael Bell against the Plaintiff, in fact did not occur on April 16th, 2025, and that the charges and the statements of the Defendant Bell were completely fabricated.

12. Nonetheless, both of said city officials, the Mayor and the Chief of Police insisted that the charges against this Plaintiff, Jason Davis, be pursued and that the Plaintiff be fully prosecuted for the wrongful charges, with the known false and fabricated evidence. Both of the said city officials then placed telephone calls to the local County Court house, at which time they spoke with staff, demanding that this Plaintiff be fully

prosecuted knowing that the charges against the Plaintiff were false and that the video which exonerated the Plaintiff existed, conclusively showing that the Plaintiff did not commit the acts alleged by the Defendant Bell.

13. The Plaintiff asserts that said acts, of the Mayor and the Chief of Police for the City of Grayson, Kentucky constitute encouragement, direction, instruction, affirmation, acquiescence and ratification of the wrongful acts of the Defendant, Michael Bell, by the City of Grayson, Kentucky toward the Plaintiff, Jason Davis, therefore rendering the Defendant, City of Grayson, Kentucky liable for the wrongful acts of the Defendant, Michael Bell, all as set forth herein.

14. The City of Grayson, Kentucky has further ratified and attempted to conceal the wrongful activity of the Defendant Bell by failing to report Bell's illegal and wrongful activity to applicable oversight organizations. Specifically, the Commonwealth of Kentucky is included on a list for accountability information and impeachment disclosures involving Law Enforcement Organizations and other government agencies and agents whose conduct, credibility, or records may affect the integrity of judicial proceedings, commonly known as "The Brady List." All of these efforts to conceal the wrongful activity of Bell constitute affirmation, acquiescence, notification, consent, ratification and approval of Bell's wrongful and illegal claims.

15. Although the City of Grayson, Kentucky, and its city officials were well aware of the falsity of the charges filed by Michael Bell, and the fabrication of evidence by Bell, as aforesaid, the City of Grayson, Kentucky, failed to report those acts to the "The Brady List," thereby further continuing to cover up and conceal the wrongful acts of the

Defendant, Michael Bell, and the City of Grayson, further ratifying and acquiescing to the wrongful and illegal acts of the Defendant Bell.

16. Even though two other allegations alleging false charges and or improper activities by the Defendant, Michael Bell, have since come to light, after the Defendant falsely testified against the Plaintiff, on April 8th, 2026, the City of Grayson, Kentucky has failed to report any of said incidents to "The Brady List" and in fact as of September 10, 2026 the City of Grayson, Kentucky remained in the status of "out of compliance," with "The Brady List."

17. The wrongful acts of the City of Grayson, in failing to report the wrongful activity of the Defendant, Micheal Bell, but instead by trying to encourage, affirm, conceal and cover up the repeated wrongful acts of the defendant, Micheal Bell, the Defendant, City of Grayson has repeatedly ratified and acquiesced to the aforesaid wrongful acts of the Defendant, Michael Bell, thereby rendering the City of Grayson, Kentucky liable for the damages claimed by the Plaintiff herein.

18. Subsequent to the filing of the charges, the Defendant Bell repeated said false statements and false allegations to his supervisors and to his co-workers, as well as to the Court officials and prosectors up to the date that said charges were dismissed on June 2nd, 2026, approximately three days before a scheduled Jury Trial, all the while being completely and fully aware that said allegations and statements were fabricated, false and untrue. The statements made by the Defendant, both written and verbal, were false and defamatory, were unprivileged, were made maliciously and recklessly with full knowledge that said statements were false, and with reckless disregard as to the truthfulness of said statements, and were intended to bring the Plaintiff into public

hatred, contempt, scorn, obloquy, shame, and ridicule and caused the Plaintiff to be shunned or avoided and injured him in his respective business or occupation thereby constituting libel per se and slander per se.

19. At all times complained of herein, the police officer, Defendant Michael Bell, individually and in his capacity as a police officer for the city of Grayson, KY, was acting under color of law, and in so doing, said officer was bound by the United States Constitution, and the Kentucky Constitution, as well as the laws and regulations promulgated by Congress and the Kentucky state legislature.

The Amendments are violated by the acts of the Defendant which violate the various amendments, and for those violations the Plaintiff is entitled to recover damages pursuant to § 1983.

The acts of the Defendant, Michael Bell, are specifically set forth in paragraphs 1-18. Those allegations are specifically reiterated and re-incorporated here as if against set forth at length and specifically show:

**A.**

The Defendants acts specifically violated the Plaintiffs rights under Fourth Amendment by committing an Unreasonable Seizure, as well as malicious prosecution as more fully set forth herein for which the Defendants are liable for damages pursuant to (42 U.S.C. § 1983).

a. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

b. Defendants made, influenced, and participated in the decision to initiate and continue criminal prosecution against Plaintiff.

c. Defendants acted without objective probable cause, knowingly at the time of the initial stop of the Plaintiff's vehicle, and as the prosecution of the Plaintiff progressed until its ultimate dismissal, there was never any articulable suspicion the Plaintiff had committed a violation of law or any other criminal act, but the Defendants acted in relying instead on fabricated allegations and material misrepresentations, known to be fabricated and untrue.

d. The criminal proceedings were terminated in Plaintiff's favor when the Commonwealth dismissed all charges prior to trial.

e. Plaintiff suffered a severe deprivation of liberty as a result of the Defendants who were purportedly acting pursuant to legal process, including being legally compelled to attend multiple mandatory Court appearances under the direct, explicit threat of an arrest warrant for his arrest if he failed to appear for any such appearance, which constrained Plaintiff's freedom of movement and autonomy.

f. Defendants acted with malice, bad faith, and/or a reckless disregard for Plaintiff's constitutional rights under the Fourth Amendment.

g. As a direct and proximate result of Defendant's unlawful actions, Plaintiff suffered a deprivation of liberty, emotional distress, reputational harm, and financial loss.

h. At all relevant times, it was clearly established law within the Sixth Circuit that a law enforcement officer was violating the Fourth Amendment to the United States Constitution by stopping an automobile when there existed no reasonable articulable suspicion of criminal activity or other violation of law, and then fabricating false allegations and charges to attempt to justify the stop of said vehicle.

**B.**

The acts of the Defendants as aforesaid specifically violated the rights of the Plaintiff under the Fourteenth Amendment by denying the Plaintiff, Due Process and by committing Fabrication of Evidence, again all rendering the Defendants liable for damages pursuant to (42 U.S.C.§ 1983)

a. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18 as it fully set forth herein.

b. Defendant, acting under color of state law, knowingly, intentionally, and maliciously fabricated false evidence, and a reasonable likelihood exists that the false and fabricated evidence would have affected the jury's decision (had the prosecution not dismissed the case three days before the scheduled jury trial), and that said evidence did affect the hearing and proceedings up to the date of dismissal, including the suppression hearing held April 8th, 2026 at which time Bell provided fraudulent, untrue testimony during his sworn testimony at Plaintiff's criminal suppression hearing.

c. There was a reasonable likelihood that Defendant's false and fabricated testimony would and did influence the decision of the judicial tribunal, directly resulting in the denial of Plaintiff's motion to suppress, and further violating the Plaintiff's rights to Due Process of Law.

d. Defendant's fabrication of evidence directly caused the unlawful prolonging of the criminal prosecution against Plaintiff, depriving Plaintiff of due process and liberty, as the State Court was directly caused to continue the prosecution of the Plaintiff because of the fraudulent, false, fabricated and untrue statements of the Defendants during all

proceedings and hearings in the State Court (including the aforesaid hearing of April 8th, 2026.).

e. At all times relevant, it was clearly established law within the Sixth Cicuit that a law enforcement officer violates the Fourteenth Amendment by fabrication of evidence and/or committing perjury to attempt to sustain a prosecution, and thereby violates the Plaintiff's rights to Due Process of Law and protection against fabricating evidence.

f. As a direct and proximate result of Defendant's violation of due process and fabrication of evidence, Plaintiff suffered severe emotional trauma, financial expenses in defending the case, and a prolonged deprivation of liberty.

g. The Plaintiff possessed a deeply rooted fundamental right to Due Process before a tribunal, not tainted by false and fabricated evidence and testimony, which rights were violated by the Defendants as aforesaid.

**C.**

The acts of the Defendants, as aforesaid further violated the Plaintiffs constitutional right to privacy and committed an invasion of the Plaintiffs privacy, all in violation of the First, Third, Fifth and Ninth Amendments.

Specifically, the Defendants were acting under the cloak of government conduct, acting as a governmental entity (City) and a governmental official (City Police Officer), when they so committed the invasion of the Plaintiff's privacy.

The baseless stop of the Plaintiff's automobile, subsequent seizure of his person, and subsequent prosecution based upon evidence which both Defendants then knew to be false and fabricated, causing the Plaintiff to suffer as set forth herein, clearly amount to an invasion of the Plaintiff's privacy or, the Plaintiff's basic "right to be let alone", which right

is protected by the First, Third, Fifth, and Ninth Amendments to the United States Constitution.

The facts of this case, as set forth above, clearly demonstrate such an invasion of privacy when the Plaintiff, an Assistant High School Principal and Coach, who was simply trying to drive his automobile from his home to his place of employment, where he worked to support his family and his home, only to be prevented from doing so by the wrongful acts of the Defendants, a City and a City Police Officer, who at the time were acting under color of law, all while fully aware that their acts were a violation of the Plaintiff's constitutional rights.

At all times relevant hereto, it was established law in the Sixth Circuit Court that it was a violation of a person's right to privacy and an invasion of same for a police officer to stop an automobile without any articulable suspicion of criminal activity or other violation of law and to then fabricate allegations and charges against the driver of said automobile to attempt to justify said stop.

All of these constitutional violations were such as would render the Defendant liable for damages pursuant to 42 USC § 1983.

All of the Plaintiff's constitutional rights which the Defendants violated herein were at all times relevant hereto were deeply rooted fundamental rights, which the Defendants egregiously violated in such a manner as to shock the conscience of any reasonable person, and were rights which the Sixth Circuit had previously addressed in such a manner that the Defendants would been aware that their actions as set forth herein, clearly violated said constitutional rights of the Plaintiff.

20. By making false allegations of fact and writing allegations and stating untrue charges against the Plaintiff, all while knowing that said allegations and charges were untrue, on said citation, which was filed in the public Court record, as aforesaid, without any justifiable reason, or other legitimate reason to believe that the said allegations of fact and stated charges were true and justified, the Defendant police officer, Micheal Bell, individually and in his capacity as a police officer for the city of Grayson, KY, violated the Plaintiff's rights under the United States Constitution, and the Kentucky Constitution, specifically including, but not limited to the First, Fourth, Fifth, Eighth, Ninth and Fourteenth amendments to the United States Constitution, and Section 10 of the Kentucky Constitution, including, but not limited to, violating the Plaintiff's rights to be free of unreasonable searches and seizures, due process of law, protection against invasion of privacy, and the Plaintiff's entitlement to due process and equal protection of the law. Said Defendants Bell, individually and in his capacity as a police officer for the city of Grayson, Kentucky, and the City of Grayson, acted intentionally toward the Plaintiff, while violating the Plaintiff's constitutional rights, and did so knowingly, with the intent to do so, and acted under color of law, while doing so. All of said police officer's tortuous acts toward the Plaintiff, and violations of the Plaintiff 's rights under the United States Constitution rendered the Defendant liable to the Plaintiff pursuant to and in violation of 42 U.S.C. Section 1983, for which the Plaintiff claims damages, both compensatory and punitive in an amount which exceeds the minimum sum necessary to confer jurisdiction upon this Court all for which the City of Grayson is also liable because the City ratified and acquiesced to the wrongful conduct of Bell, and also the City, through the actions of the Mayor and the Chief of

Police, as further set forth herein then became the driving force of the continued prosecution of the Plaintiff .

21. Specifically, the false statements of the Defendants, both written and verbal and each of them, which statements, and each of them were published to an unprivileged third party, which statements were known to be untrue and fabricated, caused the Plaintiff to be subjected to spite, ridicule, distrust, public hatred, contempt, scorn, obloquy, shame and suspicion by many of his neighbors, co-workers, his students, and his students' parents who believed the false and untrue charges and believed the statements circulated all as alleged in the citation by the Defendants to be true, basically putting the Plaintiff in a position of being ostracized from the community and the school where he had worked for many years.

22. As a result of the publication of the aforesaid false and untrue statements, made by the Defendant, Bell and placed in writing upon the citation as aforesaid, and repeated to various individuals as aforesaid, and then placed in the public records as aforesaid, and then stated in the local newspaper the Plaintiff has suffered from being placed in a false light when he was made to appear before the public in an unreasonable, objectionable false light, which false light would have been highly unreasonable to any reasonable person, all which the Defendants, when publishing said statements creating said false light, had knowledge of the falsity of the publicized matter and the false light in which the Plaintiff was placed. The Defendants simply alleged facts about the Plaintiff which were known to the Defendants to be untrue, and otherwise than as they were stated. The publicity attributed to the Plaintiff by the false and untrue statements of the Defendants attributed to the Plaintiff's characteristics, conduct and

or beliefs, which were false and which caused the Plaintiff to be placed before the public in a false light or position, all which injured the Plaintiff in his profession as an Assistant High School Principal and Coach.

23. The Plaintiff also asserts a claim under applicable Kentucky Law for False Light and Invasion of Privacy (as well as for violation of the Untied States Constitution, as set forth above), for which the City of Grayson would also be liable pursuant to Vicarious Liability.

24. The Defendant, City of Grayson is vicariously liable for all of the claims against the Defendant, Bell, which are presented as claims based upon applicable Kentucky Law, including, but not limited to abuse of process, malicious prosecution, false light, defamation, libel and slander.

25. The Plaintiff claims damages from the Defendant, for compensatory damages and punitive damages, each in an amount which exceeds the minimum amount necessary to confer jurisdiction upon this Court.

Wherefore, the Plaintiff, prays judgment against the Defendants, Michael Bell individually and in his capacity as a police officer for the city of Grayson, Kentucky, and the City of Grayson, Kentucky, for monetary damages, both compensatory and punitive, each in an amount which exceeds that minimum amount necessary to confer jurisdiction upon this Court, for their intentional acts in violation of the Plaintiff's protected rights under the United States constitution, the Kentucky constitution and other applicable law, for abuse of process, for Malicious prosecution, for invasion of privacy and placing the Plaintiff in a false light, for libel and for slander, for severe pain and suffering both, physical and mental incurred to date as well as severe pain

and suffering, both physical and mental reasonably likely to be incurred in the future and the Plaintiff seeks reimbursement for costs herein expended, including reasonable attorney's fees, and for all other relief to which the Plaintiff may be entitled, and the Plaintiff specifically requests trial by jury.

**DEMAND FOR JURY TRIAL**

Trial by jury is demanded. Notice is hereby given pursuant to FRCP 38 and all other applicable law that the Plaintiff includes in this pleading a demand for jury trial on all issues so triable.

Respectfully Submitted,

*/s/ Robert W. Miller*
Robert W. Miller
*Attorney for the Plaintiff,*
*Jason Davis*
P.O. Box 357
Grayson, Kentucky 41143
(606)474-7827
(606) 474-4184 (fax)
thelaw@robertwmillerky.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing amended complaint with the Clerk of the Court using the KCOJ e-filing system, which will send a notice of electronic filing to the following and/or by mailing a true and correct copy to:

Jeffrey C. Mando
ADAMS LAW, PLLC
40 West Pike Street Covington, KY 41011

This the 10th day of September, 2026.

/s/ Robert W. Miller
Hon. Robert W. Miller
*Attorney for the Plaintiff,*
*Jason Davis*